McKinney v. Central Hudson Gas & Electric

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand sixteen.

PRESENT: DENNIS JACOBS,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

KARA MCKINNEY,
Plaintiff-Appellant,

-v.-                                    15-1188

CENTRAL HUDSON GAS & ELECTRIC CORP.,
Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:           MICHAEL H. SUSSMAN,
                         Sussman & Watkins,
                         Goshen, New York.

FOR APPELLEES:           SUSANNE KANTOR (Joseph A.
                         Saccomano, Jr. on the brief),
                         Jackson Lewis P.C.,
                         White Plains, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Smith, <u>M.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff Kara McKinney appeals from an order of the United States District Court for the Southern District of New York (Smith, <u>M.J.</u>), denying her motion for a new trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Plaintiff, an African American, alleged that defendant Central Hudson Gas & Electric Corp. discriminated against her on the basis of race because another white candidate was preferred for promotion. After a six-day trial, the jury returned a verdict in favor of Central Hudson. Plaintiff moved for a new trial under Federal Rule of Civil Procedure 59(a) on the ground that the jury's verdict was against the weight of the credible evidence.

The denial of a motion to set aside a verdict as against the weight of the evidence is not subject to appellate review. <u>Stonewall Ins. Co. v. Asbestos Claims Mgmt. Corp.</u>, 73 F.3d 1178, 1199 (2d Cir. 1995). "The task of reviewing and weighing all of the evidence presented at trial simply imposes too great a burden on the appellate court." <u>Lightfoot v. Union Carbide Corp.</u>, 110 F.3d 898, 910 (2d Cir. 1997). Accordingly, defendants are "entitled to argue to the trial judge that the verdict [was] against the weight of the evidence . . . but the denial of that challenge is one of those few rulings that is simply unavailable for appellate review." <u>Stonewall</u>, 73 F.3d at 1199. As a result, the denial of the motion to set aside the verdict must be affirmed.

However, though we do not review the district court's weighing of the evidence, a denial of a motion for a new trial "is plainly reviewable to the extent that the challenge is that the district court applied the wrong legal standard." <u>Piesco v. Koch</u>, 12 F.3d 332, 344 (2d Cir. 1993). The court below ruled that it was inappropriate to set aside the jury verdict because the resolution of issues at trial depended on an assessment of witness credibility, and,

"[h]aving observed the several days' worth of testimony at trial . . . the Court s[aw] no reason to disturb its verdict." Special App'x at 18. Nothing in the district court's decision, including its affirmation that the jury is owed substantial deference in making credibility assessments, suggested that the court applied the incorrect legal standard to its analysis. See Raedle v. Credit Agricole Indosuez, 670 F.3d 411, 418 (2d Cir. 2012) ("Where the resolution of the issues depended on an assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial." (alteration omitted)).

For the foregoing reasons, and finding no merit in McKinney's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3